UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NICHOLAS MEADE,

    Plaintiff,

v.                                    Case No. 05-CV-71322-DT

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.
_____/

**OPINION AND ORDER DENYING PLAINTIFF'S OBJECTIONS,
ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION,
GRANTING DEFENDANT'S SUMMARY JUDGMENT MOTION,
AND DENYING PLAINTIFF'S SUMMARY JUDGMENT MOTION**

On March 29, 2005, Magistrate Judge Wallace Capel issued a report and recommendation in the above-captioned matter, recommending that the court grant Defendant Commissioner of Social Security's motion for summary judgment, and deny Plaintiff Nicholas Meade's motion for summary judgment.  On April 13, 2006, Plaintiff filed timely objections to the Magistrate Judge's report and recommendation.  For the reasons stated below, the court will deny Plaintiff's objections, adopt the report and recommendation, grant Defendant's motion for summary judgment, and deny Plaintiff's motion.

**I.  STANDARD**

Upon the filing of timely objections to a magistrate judge's report and recommendation, the court "make[s] a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C).

Under 42 U.S.C. § 405(g), the findings of fact of the Commissioner are conclusive if supported by substantial evidence. When the Appeals Council declines review, "the decision of the ALJ becomes the final decision of the [Commissioner]." *Casey v. Sec'y of Health and Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993) (per curiam). Judicial review when the Appeals Council declines to hear an appeal of the denial of benefits is limited to the record and evidence before the ALJ. *Cotton v. Sullivan*, 2 F.3d 692, 696 (6th Cir. 1993). Thus, in this case, the court's review of the ALJ's decision "is limited to determining whether the [ALJ's] findings are supported by substantial evidence and whether [he] employed the proper legal standards in reaching [his] conclusion." *Brainard v. Sec'y of Health and Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989) (*citing Richardson v. Perales*, 402 U.S. 389, 401 (1971)).

The court's review of the record for substantial evidence is quite deferential to the ALJ's evaluation of the facts. The court must uphold the ALJ's finding if supported by substantial evidence. "Substantial evidence is more than a scintilla of evidence but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Brainard*, 889 F.2d at 681. "Substantial evidence exists when a reasonable mind could accept the evidence as adequate to support the challenged conclusion, even if that evidence could support a decision the other way." *Casey*, 987 F.2d at 1233. Moreover, the court bases its review on the entire record, not just what the ALJ cited. *Heston v. Commissioner of Soc. Sec.*, 245 F.3d 528, 535 (6th Cir. 2001) ("Judicial review of the Secretary's findings must be based on the record as a whole. Both the court of appeals and the district court may look to

any evidence in the record, regardless of whether it has been cited by the Appeals Council.").

## II.  DISCUSSION

Plaintiff makes three objections to the Magistrate Judge's report and recommendation.  After making a *de novo* review of each objection and its underlying facts, the court will reject Plaintiff's objections and adopt the Magistrage Judge's repot.

### A.  Objections # 1 and # 2

First, Plaintiff argues that the Magistrate Judge and the ALJ both "failed to apply . . . the requirements of SS[R] 96-7p.  When analyzing credibility the ALJ's opinion did not contain specific reasons for his finding on credibility."  (Pl.'s Obj. at 1.)  Similarly, in Plaintiff's second objection, he argues that the Magistrate Judge and the ALJ failed to follow 20 C.F.R. § 404.1529 and, again, SSR 96-7p because "the ALJ's conclusion cites no specific reasons for her credibility findings, and does not follow the criteria set forth in SSR 96-7p.  The Magistrate's Report and Recommendation simply adopts the ALJ's findings."  (Pl.'s Obj. at 2-3.)

The court will reject both objections, which challenge the ALJ's credibility determination and the Magistrate Judge's review of that determination.  First, the court notes that the Magistrate Judge correctly quoted SSR 96-7p, stating that "the ALJ's 'determination or decision must contain specific reasons for the finding on credibility . . . to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight.'"  (R&R at 11, citing SSR 96-7p).  The Magistrate Judge also correctly cited 20 C.F.R. § 404.1529(c)(3), listing the factors to consider when evaluating a claimant's symptoms,

such as pain.[1]  (*Id.*)  The Magistrate Judge proceeded to cite the reasons given by the ALJ to support his finding that Plaintiff's allegations were not totally credible.  (*See* R&R at 11-12.)

The court finds that the ALJ sufficiently followed the directives of SSR 96-7p and 20 C.F.R. § 404.1529, and the Magistrate Judge properly applied the correct standards in reviewing the ALJ's determination.  Moreover, this court will not set aside the ALJ's credibility determination without a compelling reason.  "Since the ALJ has the opportunity to observe the demeanor of a witness, his conclusions with respect to credibility should not be discarded lightly and should be accorded deference."  *Casey,* 987 F.2d at 1234 (quoting *Hardaway v. Secretary of Health and Human Servs.,* 823 F.2d 922, 928 (6th Cir. 1987)); *see also Myers v. Richardson*, 471 F.2d 1265, 1267 (6th Cir. 1972) (emphasizing that the fact-finder in a social security benefits case, not the court, is charged with passing upon the credibility of witnesses and weighing evidence).  Rather, the court's review "is limited to determining whether the [ALJ's] findings are

---

[1]  These factors include:

> (i) Your daily activities;
> (ii) The location, duration, frequency, and intensity of your pain or other symptoms;
> (iii) Precipitating and aggravating factors;
> (iv) The type, dosage, effectiveness, and side effects of any medication you take or have taken to alleviate your pain or other symptoms;
> (v) Treatment, other than medication, you receive or have received for relief of your pain or other symptoms;
> (vi) Any measures you use or have used to relieve your pain or other symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.); and
> (vii) Other factors concerning your functional limitations and restrictions due to pain or other symptoms.

20 C.F.R. § 404.1529(c)(3).

supported by substantial evidence and whether [he] employed the proper legal standards in reaching [his] conclusion." *Brainard*, 889 F.2d at 681(citation omitted).

Plaintiff has not presented the court with a convincing argument to disregard either the ALJ's conclusions with respect to Plaintiff's knee limitations, (Tr. at 15), or the ALJ's conclusion that "the medical and other evidence does not substantiate the intensity, persistence and functionally limiting effects of the symptoms alleged by the claimant," (Tr. at 16; *see also* Tr. at 17). Accordingly, Plaintiff's first and second objections are denied.

### B. Objection #3

In his third objection, Plaintiff argues that the ALJ's "hypothetical did not accurately portray Plaintiff's impairments and therefore there was not substantial evidence to support the conclusions of the ALJ that claimant was not disabled." (Pl.'s Obj. at 3.) Specifically, Plaintiff complains that the ALJ did not correctly include limitations with respect to Plaintiff's knee condition. (*Id.*)

The Magistrate Judge correctly cited the case law in this circuit regarding the proper scope of hypothetical questions posed to vocational experts in social security cases. Most relevant to this objection, the Magistrate Judge relied heavily on *Webb v. Commissioner of Social Sec.,* 368 F.3d 629 (6th Cir. 2004), in which the court reiterated the rule that "a hypothetical question need only reference all of a claimant's limitations, without reference to the claimant's medical conditions." *Id.* at 633.

Here, the ALJ noted that Plaintiff had "had no physical therapy or medication for [his asserted knee] condition" and that during a September 7, 2002 medical consultative examination "[t]he right knee had some limitations as he walks with a mild limp *but his*

5

*range of motion is normal in the right knee.*  No other musculoskeletal limitations are noted." (Tr. 15, emphasis added.)  While Plaintiff has now cited one notation in the record of a finding of "crepitance on movement on the right knee," this same notation also indicates that "his range of motion is normal in his right knee" and the right knee is "without severe limitation." (Tr. at 183.)  The court finds that substantial evidence supports the ALJ's determination as to Plaintiff's limitations, (*see* Tr. at 346-47), and that the hypothetical based on those limitations was a reasonable portrayal of what Plaintiff "can and cannot do." *Webb,* 368 F.3d at 633.  Plaintiff's objection is therefore denied.

### III.  CONCLUSION

For the reasons stated above, IT IS ORDERED that Plaintiff's April 13, 2006 objections [Dkt. # 18] are DENIED and the Magistrate Judge's March 29, 2006 report and recommendation [Dkt. # 17] is ADOPTED IN FULL AND INCORPORATED BY REFERENCE.  IT IS FURTHER ORDERED that Defendant's motion for summary judgment  [Dkt. # 16] is GRANTED and Plaintiff's motion for summary judgment  [Dkt. # 13] is DENIED.

 s/Robert H. Cleland  
ROBERT H. CLELAND  
UNITED STATES DISTRICT JUDGE

Dated:  May 31, 2006

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, May 31, 2006, by electronic and/or ordinary mail.

 s/Lisa Wagner  
Case Manager and Deputy Clerk  
(313) 234-5522

S:\Cleland\JUDGE'S DESK\Even Orders\05-71322.MEADE.SocialSecurity.AdoptR&R.wpd